WESTERN DIST.
Sept. 1837.

BROUSSARD
vs.
ETIE.

The district
courts have ju-
risdiction of ca-
ses, in which
the validity of a
will is contested,
in suits between
different sets of
heirs claiming a
succession.

---

## BROUSSARD vs. ETIE.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE SIXTH PRESIDING.

The proprietor of an adjacent estate cannot claim the *right of way* over his neighbor's land, by prescription, because this right from its nature is discontinuous or interrupted. It needs the act of man to be exercised. Interrupted servitudes can be established only by a title.

WESTERN DIST.

Sept. 1837.

BROUSSARD
vs.
ETIE.

A proprietor whose estate is surrounded by his neighbor, may claim the right of passage over the land of the latter; but this right he must acquire by obtaining it from the owner of the estate who is to give it, or contradictorily with him, designating the place on which it is to be exercised, and the amount of indemnification.

The owner of an estate, claiming a servitude on, or in exercising a right of passage *over* the uninclosed lands of his neighbor, to the public road, does not thereby render himself liable to a suit, and give such a claim to indemnification to the other, as if not exercised within thirty years, will be barred by prescription.

This is an action for the *right of way*, or passage over the defendant's land.

The plaintiff alleges he is the owner of a plantation in the parish of St. Martin, fronting on a small bayou or coulée, opposite to a tract of land belonging to the defendant; that from the situation of their two plantations, he has *no way* to reach the public road, but by passing over the land of the defendant; and that for more than thirty years previous to instituting this suit, he and those under whom he claims have been in the habit of passing through the land now occupied by the defendant, and of crossing the bayou opposite his land, and of passing near his house, so as to reach the public road in the shortest route; that in consequence of the uninterrupted use of said passage for more than thirty years, it has become a *legal servitude,* attached to his (petitioner's) land.

He further alleges, that the defendant, regardless of the right acquired by the petitioner, and contrary to law, has stopped the said passage, by putting a fence across it, so as to deprive him of any further use thereof, to his damage, five hundred dollars. He further alleges, that he has acquired the right to the use of this passage by the longest prescription, and that the defendant is now barred by prescription from setting up any claim for indemnity.

He prays that the defendant be ordered to open said passage, and take away the fence which he has put across it, and that he be quieted in the use and enjoyment of it, as

a servitude attached to his land, and that in default of the defendant complying with this order, then a writ of *distringas* to issue, to compel a compliance.

The defendant pleaded a general denial, and denies that the plaintiff's land is so situated as to entitle him to a right of way over his land; that if it should be accorded to the plaintiff, he avers it should be over that part of it, where it will be least injurious to him; as it now is, it passes through the middle of his plantation, and near his dwelling house; and he further avers, if such passage or right of way is accorded, that he is entitled to an indemnity proportioned to the damages it will occasion him, which are at least five hundred dollars.

The defendant avers that he purchased the land in question from Isaac L. Baker, and cites his heirs at law in warranty.

The administrator of Baker pleaded a general denial to the plaintiff's petition, and denied his liability in warranty; but if liability in the latter case, he calls on Eugene Carlin, from whom he purchased, to defend his title.

Carlin appeared, and denied the rights and claims set up in the petition, and also denied his liability in warranty to Baker's estate.

Upon these pleadings and issues the case proceeded to trial.

The testimony and diagram show that the plaintiff's and defendant's plantations are situated opposite to each other, a small bayou called *Petit Anse* running between them; that there is a crossing of said bayou from plaintiff's over to defendant's plantation, which has existed for forty years; and that the residents on plaintiff's land had been in the constant habit of passing over about eight or ten arpents of defendant's land, to reach the public road in the shortest route, and to avoid a small *coulée* or marshy drain; that the land of the plaintiff is situated back from the public road, and surrounded by marshes and trembling prairies, so as to render it necessary to cross the bayou over on the defendant's land, and reach the public road. This bayou can be crossed above defendant's land, with some difficulty; but then the *coulée* intervened, and it was necessary to cross it, which

could not be done in rainy weather, as it became, in the
language of the witness, a *grand* bayou.

The defendant had, within a few years, made a fence
across the passage or road, and prevented the use of it.

Upon the whole evidence of the case, the district judge
was of opinion the plaintiff had a right to recover, as he had
alleged, and that he had clearly established a legal servitude.

Judgment was rendered, quieting the plaintiff, in the
enjoyment of his right of passage by him claimed; and that
the defendant should, within thirty days, pull down his fence
and open the passage, and that in default thereof, a *distringas*
should issue, etc.

From this judgment the defendant appealed.

*Simon,* for the plaintiff.

1. The plaintiff claims a right of passage by virtue of the
law and not in consequence of title. It is a legal servitude
he claims, and which the law gives to him; because the
evidence shows the situation of his land, and establishes
clearly his right to demand a passage over his neighbor's
estate. *Louisiana Code,* 670, 695, 698, 717–18. *Nouveau
Desgodets, vol.* 1, *page* 236.

2. The right of passage here claimed, has been enjoyed
for more than thirty years, and no indemnity has ever been
demanded. The defendant's right to indemnification is
gone; it is now too late to set up this right, and claim it of
the plaintiff. His right to claim an indemnity is prescribed,
and the right of passage continues, and the way must remain
open to the plaintiff's use. *Louisiana Code,* 704. *Nouveau
Desgodets, vol.* 1, *page* 238. *Favard, verbo Servitudes Legales.
Sirey, vol.* 22, *part* 1, *page* 154.

*Bowen,* for the defendant, contended, that the plaintiff
could not, under the circumstances of this case, demand the
*right of way* over the defendant's land, as a servitude. He
claims it solely on the ground of prescriptive right; but it
would be a violation of law, if the court were to decree it to
him without any indemnification of the defendant.

2. The right of way is an interrupted servitude, which first requires the *act* of man in order to be exercised. Interrupted servitudes consist of the rights of passage, drawing water, and the like. *Louisiana Code*, 723. *Civil Code of* 1808, *page* 138, *article* 51. *Partida*, 3, *title* 30, *law* 15. *Merlin's Reportoire, title Servitude, section* 8.

3. By the laws of Louisiana, *continuous* and apparent servitudes may be acquired by prescription ; yet continuous *non-apparent* servitudes, and uninterrupted, can be acquired only by a title immemorial. Possession itself is not sufficient to establish them. *Louisiana Code, article* 761–2. *Civil Code, page* 138, *article* 53–4.

4. But, it is contended, prescription in this case, began to run under the Spanish law, which must govern it. Under this law the same distinction subsists between continuous and interrupted servitudes, as under the Louisiana Code. *Partida* 3, *title* 31, *law* 15.

5. The servitude now claimed, according to the testimony, only commenced about thirty-six or forty years ago. According to the Spanish law, the possessor and those under whom he holds, must have used the servitude, or exercised it so long that the "memory of man runneth not to the contrary."

6. It will be seen here, that the right of way is not even claimed by immemorial usage, but by the prescription of thirty years. Merlin repels, in the strongest manner, the idea that a prescriptive right to an interrupted servitude can be completed, so as to give a title under a law which declares such servitudes *not prescriptible*. *Merlin's Reportoire, mot Prescription, sections* 1 *and* 3, *Nos.* 8 *and* 9.

7. To entitle one to the right of way, he must have no way to the public road, but through the lands of his neighbor. He has no right, even then, to exact the right of passage from which of his neighbors he pleases ; but it must be taken from the shortest distance, and fixed at the place the least injurious to the person on whose estate it is granted. *La. Code*, 695–6. *Civil Code*, 1808, *page* 136, *articles* 46, 47.

8. The defendant is certainly entitled to indemnity for this right of way from somebody, and if not from the plaintiff, then from his (defendant's) vendors in warranty.

9. As to the amount of indemnity, it is fixed by the witnesses at five hundred dollars, taking into account the inconvenience and loss of the defendant; and this is the proper standard. Toullier says, the indemnity is to be regulated by the damage which the passage may occasion to him who is forced to give it, and not by the advantages which he to whom it is granted may be able to derive from it. 3 *Toullier, page* 402, 403, *No.* 531.

*Martin, J.*, delivered the opinion of the court.

The plaintiff states, that his plantation is so surrounded by marshes, trembling prairies, and the lands of the defendant, that he cannot have access to the public road without traversing a part of the land of the latter ; that he and those under whom he holds, have, for more than thirty years before the institution of this suit, been in the habit of traversing and passing over said land, in order to reach the public road, by crossing *a coulée* at a certain place, a short distance from defendant's house, and which is the nighest way to the road ; hence the passage across defendant's land has become a legal servitude due to his estate ; that the defendant has stopped up said passage, by putting a fence across it. The plaintiff further states, that, in consequence of the length of time he has occupied and used this passage, he has acquired the right to it by prescription, and that the defendant is barred by prescription, from setting up any claim to indemnification.

The defendant pleaded the general issue ; and that if the plaintiff is entitled to a right of way that it be accorded to him, over that part of his land the least inconvenient and injurious to him, and not as he claims it ; and not without an indemnification.

There was judgment for the plaintiff, and the defendant appealed.

The plaintiff's claim to a legal right of way by prescription cannot be admitted, because this right from its nature, is discontinuous or interrupted. The code says " *interrupted* servitudes are such as need the act of man to be exercised. Such are the rights of *passage,* of drawing water, pasturage, or the like." *Louisiana Code, article* 723.

*The proprietor of an adjacent estate cannot claim the right of way over his neighbor's land*

WESTERN DIST.
Sept. 1837.

BROUSSARD
vs.
ETIE.

by prescription, because this right from its nature is discontinuous or interrupted. It needs the act of man to be exercised. Interrupted servitudes can be established only by a title.

A proprietor whose estate is surrounded by his neighbor, may claim the right of passage over the land of the latter; but this right he must acquire by obtaining it from the owner of the estate who is to give it, or contradictorily with him, designating the place on which it is to be exercised, and the amount of indemnification.

The owner of an estate, claiming a servitude on, or in exercising a right of passage over the uninclosed lands of his neighbor, to the public road, does not thereby render himself liable to a suit, and give such a claim to indemnification to the other, as if not exercised within thirty years, will be barred by prescription.

" *Interrupted servitudes*, whether apparent or not, can be established *only by a title*." *Ibid.*, 762.

The plaintiff has, indeed, shown, that from the situation of *his estate* he " may claim the right of passage on *that* of the defendant ; but he has not shown that he has this right on any determinate part of it. This right he must acquire by obtaining from the defendant, or contradictorily with him from the court, a designation of the place on which it is to be exercised. He has not done this, and he cannot, therefore, complain of the erection of a fence by the defendant, on any part of his estate. The code expressly says, that a *passage* shall be fixed in the place the least injurious to the person, on whose estate it is granted. *Louisiana Code, article* 696, *and the latter clause.* This provision seems to give to the defendant, such place as is least injurious to himself, for he is to be considered the best judge.

The pleadings in this case, seem to authorize us to consider the suit as a claim for the right of passage, but the defendant has objected to the place on which this right of passage is demanded, and urged his claim to indemnification. The plaintiff has replied, that although the right of passage may not be acquired by prescription, the claim to indemnification is barred by it, because he and those under whom he claims, by exercising the right of passage for upwards of thirty years, have given to the defendant, and those under whom he claims, a right to indemnification, which they have not claimed.

It does not appear to us that by passing over the defendant's land, the owners of the estate for which the servitude is claimed, rendered themselves obnoxious to the suit, or claim of the owners of the estate on which it is demanded, because it is not shown that the land was inclosed. In this country any one may hunt on the lands of others until he be forbidden, without being liable to an action ; *a fortiori* may he pass over it. *Louisiana Code, article* 3378. As the claim to the right of passage is now for the first time made, the defendant is in time to urge his claim to indemnification. In order to give to the latter the opportunity of pointing out the

place least injurious to him, for the exercise of the plaintiff's right ; and as the indemnification to which the defendant may be entitled, may vary from that which would be due if the passage was taken where the plaintiff claims it, justice requires that the case should be remanded.

WESTERN DIST.
*Sept.* 1857.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and the case remanded for further proceedings according to law ; the plaintiff and appellee paying the costs of the appeal.