## F. M. FISK v. ABRAM HABER.

Where a person owned adjoining lots, and made doors and windows in the wall which divided them, a purchaser of one of the lots, at the succession sale, cannot claim the door and window openings as a right of servitude. The purchaser acquired the wall, in common, and the previous destination *du pere de famille*, resulting from the openings, was abrogated by the sale.

The servitude of passage claimed, is not a continuous servitude, and could, under no circumstances, result from the destination of the *pere de famille*.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.

*Bartlette*, for plaintiff. Article 765. "If the proprietor of two estates, between which there exist an apparent sign of servitude, sell one of those estates, and if the deed of sale be silent respecting the servitude, the same shall continue to exist, actively or passively in favor or upon the estate which has been sold."

This law seems to be too clear and positive to admit of doubt or argument. It applies directly to the case before the court. The reasons given by the court below for its judgment in favor of the defendant, do not touch it. But in addition to these provisions of the code, which seem too clear to require support or interpretation, there are decisions of this court which are applicable to the case at bar, and strengthen the position we assume. See the case of *Alexander* v. *Boghel*, 4 L. R. 312. *Burton* v. *Kirkman*, 5 R. R. 16. *Durell* v. *Boisblanc et al.*, 1 Ann. 407. This last case was precisely similar to the present one in all the important facts. The sale of both lots was made at the same time, and was silent with regard to the servitude. The court held that it continued to exist.

*Ducros, Jr.*, for defendant. It is manifest, from the report of the tribune Albisson, (motifs and discours du Code Civil, vol. 1, page 327); Marcadé, vol. 2, p. 690; Zacharine, vol. 2, p. 87, and from the decision of the Royal Court of Lyon, of the 11th of June, 1831, that article 765 of the Louisiana Code, which is a literal transcript from art. 694, C. N., does not relate to the destination of the *pater-familias*.

By the court:

ROST, J. The servitudes claimed by the appellant, are to be exercised through doors and windows in a wall standing on the division line between his lot and that of the defendant. Every such wall is presumed to be in common, if there be no proof to the contrary. C. C. 673. For want of any such proof in this case, we must assume that, at the probate sale of those two lots, made in the succession of *Joseph Tabony*, who in his life time owned both, the purchasers acquired this wall in common, and under that state of facts, the previous destination *du pere de famille* resulting from the openings *Tabony* had made in the wall, was abrogated by the sale of an undivided half of it to the defendant, and the case is to be determined under article 681 of the Code.

Under the express provision of that article, the defendant might have compelled the plaintiff to close all the openings in the common wall, and rested his buildings upon it; but it was optional with him so to do, or to give up the right of common, and erect a new wall as he has done. The plaintiff has no cause of action against him. See *Cuelin* v. *Renaud*, 19 Sirey, 2d part, 277. It may be observed that the servitude of passage claimed, is not a continuous servitude, and could, under no circumstances, result from the destination of the *pere de famille*.

Judgment affirmed with costs.