### Joseph Cleris *v.* Gebhard Tieman.

The servitude of light and sight is continuous and apparent, and may be imposed by the owner of two lots on one in favor of the other. But the right of way through an alley is a discontinuous servitude and can under no circumstances result from the "*destination du père de famille.*"

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *L. Castera* and *F. Percy*, for plaintiff. *E. C. Kelly*, for defendant and appellant.

Voorhies, J. The plaintiff and the defendant are the owners of two contiguous lots. The former claims a right of way through an alley on the latter's property, this alley running alongside the division line. There is also a claim for a servitude of light and sight fronting on this alley.

The titles of the parties, derived from the same ancestor, are silent upon this matter, with the exception of the sale to *Mrs. De Blinval*, where the plaintiff's lot is described " with all the buildings and improvements thereon, and with all rights, ways and servitudes attached to it, without any exception," &c.

The two lots were owned at the time by one *Coutret*, who erected the buildings and improvements on them; and it is contended that he established the servitudes *par destination du père de famille.*

The plaintiff has clearly made out his case with regard to the servitude of light and sight,—a continuous and apparent servitude imposed by the owner of both lots, on the one in favor of the other. C. C. 763, 765; *Lavillebeuvre* v. *Cosgrove*, 13 An. 323. But with respect to the right of way through the alley, the case is different : " the servitude of passage being discontinuous, can, under no circumstances, result from the *destination du père de famille.*" *F. M. Fisk* v. *Abram Haber*, 7 An. 652. The case is precise in this instance : " Continuous non-apparent servitudes, and interrupted servitudes, whether apparent or not, can be established only by a title." C. C. 762. " The use which the owner has intentionally established on a particular part of his property in favor of another part, is equal to a title, with respect to perpetual and apparent servitudes thereon." C. C. 763. The right of way or passage is a servitude needing, for its exercise, the act of man, and is, therefore, discontinuous ; it is so classed by the Code itself. C. C. 723.

It is, therefore, ordered and decreed, that the judgment of the District Court be amended, by disallowing the right of way or servitude of passage claimed by plaintiff through the alley on the defendant's property ; and that, in other respects, the judgment be affirmed; the plaintiff paying the costs of appeal, and the defendant the costs of the District Court.