LAND, J.
 

 Plaintiffs and defendants own adjoining lots in square 63 in the Second municipal district of the city of New Orleans. This square is bounded by Canal, North Bo-man, Iberville (late Customhouse) and North Prieur streets. The square is divided into lots fronting on Canal street, lots fronting on North Boman street, and lots fronting on North Prieur street.
 

 Plaintiffs’ main lots, with the buildings and improvements thereon, front on Canal street. A 10-foot alley in the rear of these lots runs from North Prieur street to North Boman street, and separates plaintiffs’ Canal street lots from plaintiffs’ lots fronting on North Prieur street, and also separates plaintiffs’ Canal street lots from defendants’ lots fronting on North Boman street.
 

 Plaintiffs contend that this is a private alley, established by their author in title for the sole use and convenience of the occupants of the residences on plaintiffs’ lots fronting on Canal street, and seek, in the present suit, to enjoin the defendants from trespassing upon this alleyway or passage.
 

 Defendants, on the other hand, assert that the alley in dispute is a public alley, and has been in use continuously by the public at large as a public passage for vehicles and pedestrians before and since the year 1850.
 

 The Morris Improvement Company, Inc., the holder of a 99-year lease on the lots of plaintiffs, has intervened in the litigation, and joined the plaintiffs in their demand for an injunction against defendants.
 

 Intervener alleges that an examination of the recorded title of his lessors did not disclose that the property leased was subject to any servitudes, and avers that said property is not subject to any servitude, apparent or con-tinous.
 

 Intervener further alleges that, if a public alley exists in the property leased, as claimed by defendants, it bisects the leased premises, greatly diminishes its value, and disturbs the quiet possession of intervener as lessee.
 

 In answer to the intervention, defendants repeat their answer to plaintiffs’ demands and reiterate that'the alley in controversy is a public alley, and plead the prescription of 10 and 30 years.
 

 Judgment was rendered in the lower court in favor of plaintiffs and of intervener, perpetuating the injunction issued against defendants, and reserving to plaintiffs and to intervener the right to claim and sue for any damage that they, or either of them, may have sustained by an act of trespass by defendants upon the property of plaintiffs, the leased premises of intervener.
 

 From this judgment, the defendants have appealed.
 

 On the trial of the case, counsel for plaintiffs objected to parol proof to establish the claim of defendants to acquisition of servitude of passage through the alley by the prescription of 10 and 30 years.
 

 This objection was sustained.
 

 The trial judge also excluded parol testimony offered by defendants to establish their
 
 *355
 
 claim that the alley was not a private, but a public, alleyway.
 

 1. The first ruling of the district judge was correct, and the last ruling erroneous.
 

 The right of passage is a discontinuous servitude, and, whether apparent or not, can be established only by a title. Immemorial possession itself is not sufficient to acquire it. Rev. Civ. Code, arts. 727, 766; Lawson v. Waterworks Co., 111 La. 73, 35 So. 390; City of Shreveport v. Simon, 132 La. 69, 74, 75, 60 So. 795; Broussard v. Etie, 11 La. 394, 400; Fisk v. Haber, 7 La. Ann. 652; Cleris v. Tieman, 15 La. Ann. 316; Morgan v. Lombard, 26 La. Ann. 462; Torris v. Falgoust, 87 La. Ann. 497.
 

 2. “No particular form of deed, or deed at all, is necessary for the dedication of land to the public; it suffices that the owner permits the land to be used -by the public with the intention of making the dedication. Dedications to public use, and servitudes in favor of the public, are not governed by the strict rules which apply to private property; the visible signs * * * and open use of the property by the public supply the place of both title and registry.” Anderson v. Thomas, 166 La. 527, 117 So. 573, 579.
 

 It is clear, therefore, that parol testimony is admissible to prove a dedication to public use of the alley in question, and proof by writing is not the exclusive method of establishing such dedication.
 

 It becomes necessary for us to remand the case for this purpose.
 

 It is therefore ordered that the judgment appealed from be set aside, and that this ease be remanded to the lower court for further proceedings in accordance with the views herein expressed.
 

 It is further ordered that appellees pay the cost of this appeal.
 

 O’NIELL, O. J., is of the opinion that the judgment should be affirmed.