Plaintiff, Leon C. Carter, is the owner of a parcel of ground in the Town of Winnfield, Louisiana, the northern boundary of which measures 100 feet along Lafayette Street and the western boundary runs 110 feet along Front Street. On it is a dwelling, with an entrance on each street, that plaintiff has occupied as his home for a number of years.
In the years 1937 and 1938 the Louisiana Highway Commission constructed on Lafayette Street, which courses east and west, a concrete overpass or bridge above Front Street and the railroad tracks of the Chicago, Rock Island Pacific Railroad. Also it provided the necessary east and west approaches to said structure. The east approach abuts the northern boundary of plaintiff's property. Front Street for some distance north and south of Lafayette Street, including that part along the west side of plaintiff's property, was excavated and lowered. *Page 160 
Plaintiff alleged in the petition of this action that the construction of the overpass considerably damaged his property; and he prayed that the Louisiana Highway Commission be condemned to pay him the sum of $5,134.28.
The asserted damages were itemized as follows:
Depreciation in the value of the property $4000.00 Disturbances and inconveniences caused during the construction of the overpass 500.00 Injury to paint on house caused by smoke from machinery used 400.00 Street paving destroyed 234.25
Defendant first excepted to the petition as disclosing neither a right nor a cause of action. The exceptions were overruled. It then answered denying generally plaintiff's allegations.
Trial of the merits followed, and, after its completion and the argument of counsel, the case was submitted to the court.
Before the rendition of a decision, plaintiff remitted through an oral motion all of his claim above the amount of $2,000. The district judge concluded, as shown by his written reasons for judgment, that by reason of the remittitur "all items of damage have been abandoned by plaintiff except the claim for permanent reduction to the sale value of his property and which item is now reduced from $4000.00 to $2000.00 and leaving this as the only claim to be adjudged." This conclusion is not questioned by plaintiff's counsel.
Plaintiff was granted judgment for the sum of $1,550, together with five (5%) per cent per annum interest thereon from date of judicial demand until paid and for all costs of suit. From it defendant is appealing.
Plaintiff has neither appealed nor filed an answer to defendant's appeal.
The exceptions of no cause and no right of action are reurged in this court. With reference to them defense counsel state that "they were based on the principle that a street is public property and this improvement (the overpass) is a traffic regulation for the better protection, safety and convenience of the public generally and therefore a reasonable police regulation within the inherent power of every state"; and it is argued that any damage caused to private property by the improvement's construction is not compensable.
The principle or theory presented by the pleas was considered in the companion cases of Max Thieme v. Louisiana Highway Commission, 5 So.2d 167, and Mrs. Bertha Jarnigan v. Louisiana Highway Commission, 5 So.2d 660, recently decided by this court. In the opinion of the latter case it was elaborately discussed.
Section 2 of Article 1 of the Louisiana Constitution of 1921, provides in part and in effect that where private property is damaged by reason of the construction of public improvements, its owner must be adequately compensated therefor. However, as pointed out in the above cited cases, the only damage that is compensable is a special damage to the owner with respect to his property, resulting in its depreciation in value, in excess of that sustained by the public generally. It must be different in kind from that suffered by all other property in the locality or neighborhood. The measure of the compensation payable is the diminution in the property's value for sale and rental. McMahon and Perrin v. St. Louis, Arkansas Texas Railroad Company, 41 La.Ann. 827, 6 So. 640; City of Chicago v. Taylor, 125 U.S. 161, 8 S.Ct. 820, 31 L.Ed. 638; Harrison et al. v. Louisiana Highway Commission et al., 191 La. 839, 186 So. 354; and 18 American Jurisprudence verbo Eminent Domain page 766.
The allegations of fact of the petition disclose that plaintiff's property, because of the improvement, has sustained a special and material damage that is exclusive to it and affects its sale value; and, if they are proven, compensation is due. Also shown thereby are certain inconveniences suffered; but these were endured likewise by all property of the neighborhood and, consequently, are not compensable.
In passing upon the exceptions, the entire petition must be considered; and as it states both a cause and a right of action as to some of the asserted items of damage the exceptions are ineffective and were correctly overruled.
Unquestionably, with reference to the merits of the case, the house and lot belonging to plaintiff were specially and materially damaged by the construction of the overpass, causing a substantial reduction in the sale thereof. This is conceded by the experts testifying for defendant, they differing with plaintiff's witnesses only as to the extent of the depreciation. *Page 161 
Particularly injurious thereto is the existence of the bridge's east approach along the entire northern edge and above the level of the lot. Its sides are solid concrete retaining walls, with bannisters atop, having a total height of eleven feet six inches at the lot's northwest corner and sloping gradually toward the east. The south side is eighteen feet one inch from the porch at the house's north entrance. Obstructed by the approach is the view enjoyed previous to its construction, at which time Lafayette and Front Streets were practically level with the lot; and obviously it interferes greatly with light and ventilation.
Additionally, there was laid a concrete bulkhead or underwall four feet deep and extending about six feet onto the lot. Over this, however, defendant built a short driveway emanating from Lafayette Street; but it was of no advantage or convenience to plaintiff as his garage faced on Front Street.
The grade level of Front Street was lowered through the aforementioned excavation work, and this necessitated the construction along the west side of the lot a retaining wall that began at the southwest corner and gradually increased in height until it reached approximately four feet two and one-half inches at the northwest corner.
A short apron driveway from Front Street was provided for the garage after the excavation's completion. But this had an elevation of twenty inches on its north side and twelve inches on the south side and was only five and one-half feet long; and, according to the evidence, cars using the apron did so with much difficulty because of the unusual slope.
The defense experts fixed the reduction in value of the property at between $400 and $500. The estimates of the witnesses for plaintiff ranged from $1,250 to $2,250, an average thereof being about $1,700.
The district judge's conclusion that the loss sustained was $1,550, indicates that great weight was given to the estimates of the persons appearing for plaintiff. In this respect, we cannot say that he committed error. Plaintiff's witnesses were all residents of the Town of Winnfield and their respective vocations provided them with much knowledge about real estate values in that community; and each saw the property both before and after the construction of the overpass. The witnesses for defendant, notwithstanding their extensive experience with real estate, did not reside in Winnfield and were not familiar with the property before the complained of structure was built.
Also supporting the quantum fixed is the well recognized fact that a house situated as is plaintiff's, which is behind and under a bridge so to speak, is not nearly so desirable for residential purposes as is one not thusly affected.
Defendant, through a supplemental brief of its counsel, asserts error in that part of the judgment which assesses it with the court costs of this proceeding, contending that it is a state agency, and, by reason of that status, an exemption from the payment is enjoyed. Plaintiff has not replied to this contention, either through oral argument or brief.
The Louisiana Highway Commission is a state agency, just as is a Levee Board and a Police Jury. There are numerous cases in the jurisprudence of this State involving actions against those bodies to recover compensation for the taking or damaging of private property; and in each of the many that we have examined, the state agency, whenever it was cast in judgment, was ordered to pay all costs of court. It seems, however, that in none was the issue under consideration specifically raised.
On the other hand, the Supreme Court in the year 1932, said in Natalbany Lumber Company v. Louisiana Tax Commission,175 La. 110, 143 So. 20, 22, that "neither the state, nor a state board, nor a state governmental agency, nor a public officer representing the state in his official capacity, owes any costs"; and to fortify that statement it cited several of its previous decisions. But those authorities, it is noticed, do not involve actions of the character of the present controversy.
In the year 1936 the Legislature of Louisiana passed Act No. 135 which reads:
 "An Act
"Exempting the State, parishes, municipalities, and all other political subdivisions, public boards or commissions, from paying court costs in any judicial proceedings.
"Section 1. Be it enacted by the Legislature of Louisiana, That, except as hereinafter provided, neither the State, nor *Page 162 
any parish, municipality, or other political subdivision, public board or commission, shall be required to pay court costs in any judicial proceeding hereafter instituted or prosecuted by or against the State or any such parish, municipality or other political subdivision, board or commission; provided, that this Act shall have no application to stenographers' costs for taking testimony.
"Section 2. That all laws or parts of laws inconsistent or in conflict herewith be, and the same are, hereby repealed."
This legislation, which is the last expression on the subject that we can find, is general in scope and seems to apply to all political subdivisions, public boards and public commissions of the state irrespective of the character of the suits in which they are parties. Unquestionably, the Louisiana Highway Commission, the defendant herein, is thereby affected, and under the quoted provisions it is exempt from all costs of this proceeding other than the fee of the court reporter.
Defense counsel point out that the title of such Act makes no mention of the stenographers' costs that are excepted in the statute's body. Then they argue that the title is an essential part of the Act, beyond the scope of which the body's provisions cannot go; and that under these circumstances "the Act should be construed as exempting the state and its governmental agencies from the payment of any costs." This argument must be held to be ineffective in the instant case for the reason that an attack on the constitutionality of the statute, in behalf of which it would be appropriate, has not been made through required pleadings.
Also contested by defendant is the granting to plaintiff by the district court of five (5%) per cent per annum interest on the amount of the judgment. A similar issue was considered by us in the case of Bryant Sholars v. Louisiana Highway Commission,6 So.2d 153, this day decided; and therein we held that such interest, from date of judicial demand, was correctly awarded.
Accordingly, for the reasons assigned, the judgment is amended to the extent of relieving defendant of the payment of costs of the proceeding, except the stenographers' costs for taking the testimony; and, as amended, it is affirmed. Plaintiff shall pay the costs of this appeal.