On Rehearing
McCALEB, Justice.
Due to the unusual features of this case, we granted a rehearing to reconsider our rulings (1) that neither plaintiff nor its *177 predecessors in title acquired a conventional servitude of passage over the Battistella ■Canal; (2) that the canal was privately ■owned by Arthur Battistella and was never ■dedicated to public use and (3) that, consequently, plaintiff is not entitled to recover the business damages it has sustained in being deprived of the use of the Battistella Canal for its customers resulting from the construction across the canal of a paved road supported by a dirt embankment at the instance of the Department of Highways, acting under a right of way deed granted by Louis Battistella, Arthur Battistella’s heir.
The facts of the casé are fully set forth in our original opinion and it would be superfluous to reiterate them. Suffice it to say, for purposes of his discussion, that plaintiff, as owner of a tract of land on which it has been operating an ice factory business which one of its predecessors purchased from Arthur Battistella in 1929, is seeking recovery of $65,000, for the damages resulting from defendant’s act in blocking the Battistella Canal so that it can no longer be used by fishing vessels to reach its platform or wharf situated on the banks of said canal. Plaintiff’s land, on which the ice factory is located, did not abut the the canal at the time of the first acquisition from Arthur Battistella but it was subsequenty granted a 20 foot servitude of passage to the banks of the canal by C. B. Foster Packing Company, Inc. Later, one of its predecessors acquired the lot, on which the servitude existed, from Arthur Battistella so that a part of its property abuts the canal but it owns no portion of the land on which the canal is situated.
The theory of plaintiff’s case is that its losses are recoverable under Section 2 of Article 1 of the Constitution, providing that private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid. Plaintiff claims that this right to compensation is absolute in view of the particular circumstances involved, the respective locations of the properties and the nature of the topography, and that its recognition of this right is not necessarily dependent upon whether the Battistella Canal is a public or private waterway or whether, if private, it is burdened with a servitude in favor of plaintiff’s estate. To substantiate this position^ counsel cite the cases of Helmer v. Colorado Southern, N. O. & P. R. Co., 122 La. 141, 47 So. 443; Louisiana Highway Commission v. Guidry, 176 La. 389, 146 So. 1; Harrison v. Louisiana Highway Commission, 191 La. 839, 186 So. 354; Jarnagin v. Louisiana Highway Commission, La.App., 5 So.2d 660; Carter v. Louisiana Highway Commission, La.App., 6 So.2d 159; Schneidau v. Louisiana Highway Commission, 206 La. 754, 20 So.2d 14; Patin v. City of New Orleans, *179 223 La. 703, 66 So.2d 616 and Cerniglia v. City of New Orleans, 234 La. 730, 101 So.2d 218.
 None of the cited cases is pertinent here and we find no merit in counsel’s proposition. The constitutional guarantee of compensation for damage to private property, which has not been taken but which has been destroyed, depreciated or otherwise injured as a result of public work conducted in its vicinity, applies only in cases (other than the exception, hereinafter discussed, pertaining to damage sustained by property abutting a public street as a consequence of a change in grade and the like) where the public improvement or work is of such a nature as would give rise to an action for damages under Articles 2315 or 667 of the Civil Code had it been done by an individual or private corporation. If, as we have heretofore held in this case, the Battistella Canal were a private waterway not subjected to a predial servitude in favor of plaintiff’s property, the deprivation of the use of the canal to plaintiff’s customers by the Highway Commission did not afford plaintiff the right to recover for its resultant damage merely because the closing of the canal was in consequence of a public undertaking.
The rule is tersely stated in 18 Am.Jur. “Eminent Domain”, Section 140, page 767, thus:
“It is generally agreed that the damage clause of the state Constitutions has no application to the depreciation of the market value of a parcel of land caused by the establishment of some public building or other public undertaking in close proximity thereto, when there is no physical injury to the property or impairment of any right appurtenant thereto, and the public use is not of such a character as would have constituted a nuisance at common law and given rise to an action by an adjoining owner in the absence of statutory protection.”
The authorities relied on by plaintiff involved either the taking and consequential damage to private property in the building of public roads and streets or matters in which property abutting a public street or road was damaged by a subsequent change in its grade which was not common to all of the landowners within the vicinity. The latter instances form a well-recognized exception to the general rule that damages to adjoining property are not recoverable where there has been no taking, unless they result from acts of a tortious nature or under conditions which would otherwise render the offender liable under the general law. The predicate for this exception is that, notwithstanding that compensation has presumably been previously paid to the abutting proprietor or his predecessor for the taking of the land, the subsequent damage, such as a change in grade which is not common to all other proprietors, supplies the *181 basis for an additional award within the scope of the constitutional provision. See 18 Am.Jur. “Eminent Domain”, Sections 217-222.
Accordingly, we conclude that plaintiff has no actionable claim against defendant in the absence of the existence of either a conventional or legal servitude of passage over the canal.
Plaintiff’s claim of a predial servitude of way cannot be sustained. The circumstance that the canal was originally constructed by Arthur Battistella for the service of his estate and that he and the abutting landowners subsequently employed it for the utility of their properties, did not create an enforceable servitude of passage —for, as correctly stated in our original opinion, the right of passage is a discontinuous servitude which, according to Articles 727 and 766 of the Civil Code, may only be established by title. And, although it is provided by Article 769 of the Code that a servitude may still subsist in favor of or upon an estate, where there exists apparent sign of it, even though the deed of sale be silent on the subject, this article, when read in the light of other codal provisions, is necessarily limited to those classes of servitudes which are not required to be established by title.
In their earnest and vigorous argument, counsel for plaintiff suggest that our refusal to apply Article 769 to the servitude of way claimed herein constitutes an overruling by indirection of the case of Rozier v. Maginnis, 12 La.Ann. 108. Admittedly, the Rozier case is in point and is directly contrary to our opinion in this case. But this is not the first time that that decision has been disregarded. Indeed, the Rozier case was impliedly overruled long ago by the authorities cited in our original opinion, which follow Articles 727 and 766 of the Civil Code and hold that a servitude of passage, being a discontinuous servitude, can only be acquired by a title.
Finally, we also hold untenable counsel’s contention that the observation in our original opinion that “ * * * servitudes claimed under title are never sustained by implication” is in conflict with the prior jurisprudence, particluarly Iseringhausen v. Larcade, 147 La. 515, 85 So. 224 and James v. Delery, 211 La. 306, 29 So.2d 858, 859. Those cases, and many others like them, stand only for the proposition that, when an owner of a tract of land subdivides it into lots designated on a map or survey and then sells the property or any portion of it with reference to such map, he thereby, in effect, dedicates the streets and roads shown on the map to the public use.[1]
*183 In James v. Delery, we quoted with approval from an article in 12 Tulane Law Review, 226, as follows:
“ ‘Of course, a strip of ground may be dedicated to use as a street, without any particular form being necessary. The positive intent of the owner, plus the actual use by the public for the purposes intended, must be shown. Intention may be shown by deed, words or act. The mere sale of lots with reference to a plot with streets and roadways constitutes a dedication, and formal acceptance by the public is not required’ ”,
We did not say in our original opinion, as counsel seem to think, that a public way must be created by title. Obviously, such a way does not require a conventional title for its establishment; it is imposed by law whenever the land is dedicated to a public use, the intention to thus dedicate it being provable even by parol testimony. Kohn v. Bellott, 169 La. 352, 125 So. 269.
But it can hardly be seriously argued that Battistella ever intended to dedicate his canal to public use. On the contrary, in the tri-party agreement of May 19, 1930, between Arthur Battistella, C. G. Foster Packing Co., and plaintiff’s predecessor, Peoples Utilities Co., Inc., styled “Act of Agreement and Boundary Settlement”, it was expressly stipulated that title to Battistella’s Canal and Basin was to continue in Arthur Battistella, who agreed to maintain the canal ready for use for one year and that, thereafter, the cost of maintenance and keeping the canal clean was to be borne by the various parties owning property contiguous thereto in the ratio that the number of feet front on said canal owned by said parties bore to the total frontage of said canal. At that time, plaintiff’s predecessor owned no property abutting the canal and it was in that act that Foster Packing Company was given a conventional servitude of passage over it, being exempted from the payment of tolls- for such use.
For the foregoing reasons, our original opinion and decree are reinstated as the final judgment of this Court.
MOISE, J., absent.

. In the Iseringhausen ease the Court said: “Mellhenny & Son had the map made, and they sold the lots of ground with reference to that map, which plainly shows a dedication of a road, and in their act to plaintiff it is denominated *183 by them as a ‘public road.’ There appears to have been very positive dedication of said road to the public or to the purchasers of the many lots in the section.” [147 La. 515, 85 So. 225.]