## CURTIS ET ALS. vs. CURTIS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF EAST FELICIANA.

The owner of property, a partition of which is sued for in the Court of Probates, cannot intervene in order to obtain a decree of that court, recognising his title.

The facts are stated in the opinion of the court, delivered by *Porter, J.*

This action is brought by a portion of the heirs of the late Benjamin Curtis, to obtain a partition of a negro woman, now in the possession of one of their co-heirs, Benjamin Curtis, and compensation for the time he has had her in his service.

The defendant failed to file an answer, and judgment by default was rendered against him, which the court, after hearing testimony, made final.

After the judgment by default was taken, and before the rendition of the final judgment, Esther Curtis intervened, and her petition stated that she was tutrix of her minor children, and that they were the legal owners of the slave, which was untruly represented in the petition as belonging to the estate of Benjamin Curtis, deceased. She further stated, that as the property belonged to her children, it could not be the subject of partition as prayed for, and she prayed leave to intervene and prosecute her claim, and required that the slave might be decreed to be the property of her children.

The court permitted this intervention, upon which the intervenor pleaded to the jurisdiction of the court, and prayed that the plaintiff's petition might be dismissed.

Before judgment was pronounced on this plea, the plaintiffs filed an answer to the petition of intervention, in which they denied the jurisdiction of the court to take cognizance of the claim set up by the intervenor, and prayed that her petition might be dismissed.

The court sustained this exception, whereupon the intervenor presented a second petition, in which she again asserted the slave to be the property of her children, and denied that it could be the subject of partition among the heirs of Benjamin Curtis. This petition contains an averment, not found in the first, namely, that the slave was in possession of the defendant as tutrix to her minor children. It concludes by a prayer, that the property might not be partitioned; that it might be decreed to belong to her children; that they be maintained in their possession; and that she might have such other and further relief, &c.

The plaintiffs opposed to this petition the plea of *res judicata*, as arising from the judgment pronounced on the first petition of intervention. They further pleaded, that the court had not jurisdiction of the matters alleged by the petitioner, and on which she prayed relief.

The court also sustained this exception, and dismissed the petition in intervention, declaring that it had not jurisdiction to investigate titles to real estate. The intervenor appealed.

We think the court did not err. Neither of the parties to the suit could have maintained an action in the Probate Court against the defendant. Nor could she have sued them there. If the judgment of that tribunal in this suit, formed *res judicata* against the intervenor, she might perhaps, from necessity, be permitted to appear for the protection of her interests. But it can have no such effect. Nor, indeed, so far as we can see, any effect whatever upon her interests, and we discover no ground for the intervention, unless it be, that the suit is an assertion of title, on the part of others, to property belonging to the interpleader. This might furnish ground for an action of *jactitation*. But the disturbance by this suit, is not greater than an actual taking possession of the property, by the parties in the action of partition, would be. In such a case it is clear, the Probate Court would not be the place to get that possession restored; and we do not see how it can be made so, for the purposes announced in the petition of intervention.

*The owner of property, a partition of which is sued for in the Court of Probates, cannot intervene in order to obtain decree of that court, recognising his title.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court be affirmed, with costs.