EASERN DIST.
August, 1832.

CURTIS
vs.
CURTIS.

## CURTIS *vs.* CURTIS.

APPEAL FROM THE COURT OF PROBATES OF THE PARISH OF EAST FELICIANA.

In a suit between A and B, wherein C intervenes, if the plea of intervention be dismissed by the court *a qua,* and its judgment affirmed on appeal, C is no longer a party to the suit; nor can any order be taken against C, although it issue before the judgement of the Appellate Court, is recorded in the court below.

The facts are stated in the opinion of the court, delivered by PORTER, J.

This case has been already before the court; it will be found reported in 3 *La. Rep.* 514.    The suit was brought to obtain a partition of property to which the plaintiff and defendants set up title.    The party who is now appellee before the court, intervened and claimed the slaves as belonging to her children.    Her right to interplead was contested by the plaintiffs, and the Court of Probates sustained the objection, and ordered the petition in intervention to be dismissed.    On appeal, the judgement was confirmed.

After the rendition of the judgment by this tribunal, but before it was carried down and recorded in the inferior court, the plaintiffs applied for, and obtained an order of sequestration against the slaves in the possession of the appellee. She appeared, and prayed the order might be set aside, on the ground that as she was not a party to the suit, her property could not be the object of sequestration.

The Court of Probates sustained her objection, and ordered the writ to be quashed. The plaintiffs appealed, and contend here that until the judgement of the Supreme Court was recorded in that of the first instance, the appellee was a party to the suit, and subject to any order which the court might make against her in that capacity.

The argument has placed the case before the court on the ground on which the decision of it must turn. It is quite clear, that in a suit between A and B, the property owned, or possessed by C cannot be seized without making him a party to the action, or commencing a new one against him. In this instance, we are of opinion, that after the judgement of the Supreme Court had become final, the interpleader could no longer be considered as a party to the suit in the court below, though the judgement may not have been recorded. The enregistry in the inferior tribunal, is only necessary to obtain execution; but the decree derives no additional force from that formality, no more than placing an execution in the hands of the sheriff, would add to the effect of a judgement of the District Court. The obligations of the parties commenced from the moment the judgement becomes final; and any act done by them inconsistent with it, is contrary to these obligations, and can confer no right on them.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Probate Court be affirmed, with costs.

Eastern Dis
August, 1832.

CURTIS
vs.
CURTIS.

In a suit between A and B, wherein C intervenes, if the plea of intervention be dismissed by the court a qua, and its judgement affirmed on appeal, C is no longer a party to the suit; nor can any order be taken against C, although it issue before the judgement of the Appellate Court is recorded in the court below.