**(85 South. 224)**

**No. 23991.**

**ISERINGHAUSEN v. LARCADE et al.**

**In re ISERINGHAUSEN.**

(May 31, 1920. Rehearing Denied June 30, 1920.)

*(Syllabus by Editorial Staff.)*

1. **Easements** ⬯22—**Servitude; purchaser with reference to map has right of way over road as indicated.**

Where act of sale described land with reference to the plat, on which roadway was laid out, and also described land as being bounded by such roadway, grantee was entitled to a servitude or right of way along such roadway over land of other purchasers, who bought with reference to such plat.

2. **Dedication** ⬯19(5)—**Selling of lots with reference to plat constitutes dedication.**

The selling of lots with reference to plat, with streets and roadways thereon, constitutes a dedication of such streets and roadways in rural as well as urban communities.

3. **Easements** ⬯17(2)—**Servitude; conveyance describing land as bounded by highway gives grantee right of way over road.**

Where a grantor conveys land by a deed, describing it as bounded by a road, the fee of which is vested in grantor, and which is mentioned or referred to in deed, the grantee acquires a right of way over the road, not only in that part which adjoins the grantee's own land, but also by necessary implication in such portion of the whole way as will make it available as an appurtenance to the estate granted.

4. **Easements** ⬯17(4)—**Servitude; grantee's easement in road laid out on map referred to exists independent of dedication.**

Grantee's easement, created by implication, where deed described land with reference to a plat or map on which streets and ways are laid out, is entirely independent of the fact of dedication to public use.

Certiorari to Court of Appeal, Parish of St. Landry.

Suit by Ursin T. Iseringhausen against Walter Larcade and others. Judgment for plaintiff was reversed by the Court of Appeal, and plaintiff brings certiorari. Judgment of Court of Appeal reversed, and that of district court affirmed.

John L. Kennedy, of La Fayette, for plaintiff.

Peyton R. Sandoz, of Opelousas (John W. Lewis, of Opelousas, of counsel), for respondents.

SOMMERVILLE, J. This is a suit about a right to the use of a roadway running in front of plaintiff's property, being lot No. 40, in what is known as the McIlhenny tract, in St. Landry parish, which roadway extends across said tract, connecting with public roads at either end of said roadway, and which road also runs in front of the nine several tracts, of similar dimension, owned by the defendants, fronting on both sides of said road, and immediately adjoining plaintiff's property on the east and west sides.

The road is admitted to be 50 feet wide, and to have been partially plowed and graded in front of the tract belonging to plaintiff at the time of his purchase December 30, 1913. The nine lots belonging to the defendants were purchased from the McIlhenny Corporation December 15, 1915, by Wilfred J. Boudreaux, defendants' author in title.

The sale to plaintiff was of—

"a certain tract of land situated in what is known as Coulee Creche, St. Landry parish, La., containing 50 arpents, being lot No. 40 of a plat of survey of the subdivision of what is known as the McIlhenny tract made by R. M. Hollier on July 15, 1913, and on file in the recorder's office of St. Landry parish, La., bounded north by public road, east by the lot No. 39, south by Prejean, and west by lot No. 41, and being a portion of section 35, Tp. 8 S., R. 3 E., Southwestern land district."

Boudreaux's title calls for—

"a certain tract of land situated in Coulee Creche, St. Landry parish, La., containing 374.06 acres, being lots Nos. 30, 31, 32, 33, 36, 37, 38, 39, and 41 of the subdivision of the McIlhenny tract of land, as per plat of survey

made by R. M. Hollier, surveyor, and filed in the clerk's office of St. Landry parish, La."

This last act of sale refers to the same plat of survey under which plaintiff bought lot No. 40, and it also refers to the numbers of the lots as they appear on that map. 374.06 acres appear to have been sold to Boudreaux; whereas, in the other act, the lot was said to contain 40 arpents. Besides, there is no reference made in the later act to the public road, which appears on the map, and which was mentioned in plaintiff's act of sale.

Boudreaux fenced his nine lots, cutting the roadway into parts, which prevents plaintiff from using said road in front of his premises, going to the east or the west.

Boudreaux sold his belongings to defendants, although by a different description, and without reference to the map made for and by the McIlhenny corporation. In the last act of sale the land is described as containing "392 arpents of land, bounded as follows: North by property of Prejean," etc., which does not serve to identify it with the land as it appears on the map.

This suit involves the use of the public road referred to in plaintiff's act of sale, and plaintiff asks that defendants be required to remove their inclosures and obstructions which cross said road. There was judgment in favor of plaintiff, which judgment was reversed by the Court of Appeal, and that judgment is before us for review.

One of the contentions of defendants is that their area of 374.06 acres will be materially diminished if the road which separates some of their lots is taken from that area. But we fail to see how this can be so, if each of their nine tracts contains 50 arpents, making a total of 450 arpents. This area, reduced to acres, would make 380.25 acres, while their title calls only for 374.06 acres.

Defendants called Hollier, the surveyor, who made the McIlhenny plat or map, to the stand, and he testified that it would be necessary to take in one-half the road on each side to make a full complement of the several tracts as he had numbered them on the map. But in this he is clearly mistaken; and he is also mistaken in saying that the road was indicated by a single line. The copy of a part of the plat, which is in the record, shows that there was a double line indicating the roadway; and it was admitted that the roadway was 50 feet in width.

[1] There is no question as to the existence of the roadway, and of the map or plat indicating that roadway, by which plaintiff and defendants bought, which constitutes a title in plaintiff to a servitude or right of way, 50 feet in width, along the northern side of his tract, extending from the public road on the east to the public road on the west of the McIlhenny tract of 2,200 arpents. The roadway was warranted in the title deed of plaintiff, and he is entitled to the services of that roadway.

[2] The Court of Appeal appears to have been of the opinion that the authorities relied upon by plaintiff, showing the platting of a tract of land, with streets and roadways thereon, and the selling of lots with reference to the plat, all constituting a dedication of such streets, refer to urban, and not to rural, streets. We find no such distinction in the law. McIlhenny & Son had the map made, and they sold the lots of ground with reference to that map, which plainly shows a dedication of a road, and in their act to plaintiff it is denominated by them as a "public road." There appears to have been very positive dedication of said road to the public, or to the purchasers of the many lots in the section.

The intention of the McIlhennys was to sell to plaintiff and others certain specified

tracts of land, of 50 arpents each, fronting on a road 50 feet wide; and it was equally clear that plaintiff and others bought with reference to the existence of such road, and for the use of said road in its full length. And this road is just as necessary to plaintiff as a similar road would be in a city or town to owners of property abutting on such road or street. The conditions are exactly the same in the country as in the city.

[3] (II) "Where a grantor conveys land by a deed, describing it as bounded by a road, the fee of which is vested in the grantor, and which is mentioned or referred to in the deed, the grantee acquires a right of way over the road. This it has been held is true, whether the road is in existence or is to be made by the grantor over lands retained by him, and it is sufficient that the beneficial use of the premises requires the use of the way. Such use need not be in absolute necessity."

14 Cyc. 1181.

"29. *Bounding Land by Way.*—It is a general rule that, where a conveyance of land calls for a way or street as a boundary, if the grantor has the fee of the land thus referred to, he is estopped, as against his grantee, to deny that it is a street, and an easement therein passes to the grantee by implication of law. This easement is not only in that part which adjoins the grantee's own land, but also by necessary implication in such portion of the whole way as will make the same available and useful as an appurtenance to the estate granted. * * *

[4] "30. *Reference to Plat or Map.*—Upon the same principle which applies when land is bounded by a way, an easement is also created by implication, where property sold is described with reference to a plat or map upon which streets and ways are laid out; and this private easement is entirely independent of the fact of dedication to public use."

9 R. C. L. §§ 29 and 30, pp. 766, 767.

It is therefore ordered, adjudged, and decreed that there be judgment annulling, avoiding, and reversing the judgment of the Court of Appeal in this case, and that the judgment of the district court be affirmed, with costs to be paid by defendants.