(91 South. 505)

No. 25131.

LARCADE et al. v. ISERINGHAUSEN et al.

In re LARCADE et al.

(March 20, 1922. Rehearing Denied May 1, 1922.)

*(Syllabus by Editorial Staff.)*

1. Appeal and error ⬅︎1206—Judgment of appellate court enforceable by lower court.

Under Code Prac. arts. 617, 618, 915, the execution of judgments rendered by appellate courts belong to the courts by which the causes were tried in the first instance.

2. Appeal and error ⬅︎1206—Execution judgment cannot be executed until recorded in lower court, and injunction will lie against attempt to so execute it.

Under Code Prac. arts. 619, 620, the judgment of an appellate court cannot be executed until recorded in the records of the trial court, and if an attempt is made to execute it prior to such recordation, an injunction should issue as a general rule to arrest its execution.

Action by Walter Larcade, Willie Larcade, and others against Ursin T. Iseringhausen and others. An injunction was denied, and

a suspensive appeal refused, and the plaintiffs named apply for writs of prohibition and mandamus. Rule made absolute, and writ of mandamus issued.

P. R. Sandoz, of Opelousas, for applicants.

John L. Kennedy, of La Fayette, for U. T. Iseringhausen.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

LAND, J. On February 20, 1922, relators, Walter and Willie Larcade, applied to the judge of the Sixteenth judicial district court for an injunction against Ursin T. Iseringhausen and the sheriff of the parish of St. Landry, prohibiting and enjoining them from executing the judgment of this court rendered July 14, 1920, in the case of Ursin T. Iseringhausen et al. v. Larcade et al. (No. 23991), 147 La. 515, 85 South. 224, on the docket of this court, on the ground that the said Iseringhausen and the said sheriff were endeavoring to execute the said judgment without having previously recorded the same in the records of the Sixteenth judicial district court as required by articles 619, 623, and 910 of the Code of Practice. Relators allege that the judge of the Sixteenth judicial district court refused to grant the writ of injunction prayed for, and also refused to grant a suspensive appeal from his order of refusal to grant said injunction, and they have applied to this court for writs of prohibition and mandamus directed to said judge, said sheriff, and to Ursin T. Iseringhausen, in whose favor the judgment of July 14, 1920, was rendered.

Respondent judge refused to grant the injunction for the following reasons:

"The judgment of the Supreme Court has become final since July, 1920; the defendant has the right to have it executed. The mandate is on file in the record. I do not think it necessary to record the same in any book."

[1] Under the articles of the Code of Practice the execution of judgments rendered by appellate courts belongs to the courts by which the causes have been tried in the first instance. C. P. arts. 617, 618, 915.

[2] The judgment of an appellate court cannot even be executed, until it has been recorded in the records of the inferior court which first had cognizance of the cause, and, if an attempt is made to execute a judgment prior to such recordation in the lower court, an injunction as a general rule will issue to arrest its execution. A judgment of the Supreme Court must be recorded as directed by law previous to the issuance of execution, and it was therefore the legal duty of the judge a quo to have issued the injunction in this case. Amet v. J. A. Boyer and Sheriff, 42 La. Ann. 831, 8 South. 588; C. P. arts. 619, 620. It is therefore ordered that the rule herein issued be made absolute, and that a writ of mandamus issue to the trial judge, Hon. B. H. Pavy, judge of the Sixteenth judicial district court, ordering and directing him to issue the injunction applied for by relators in suit No. 22256 of the civil docket of the Sixteenth judicial district court of the state of Louisiana.

Rehearing refused by Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.