LAND, J.
This suit presents the third phase of the litigation between the parties, as to the use of a roadway running in front of their respective properties.
In the first suit instituted by Iseringhausen against plaintiffs, a judgment was rendered by the lower court in favor of Iseringhausen, recognizing his right of . passage over said roadway; the same having been dedicated by the common vendor and owner of the property for the benefit of the respective estates of the parties. This judgment ordered plaintiffs to remove their inclosures and other obstructions preventing Iseringhausen and others from the free use and enjoyment of said roadway, and restraining plaintiffs from thereafter doing any act or 'thing to hinder or interfere with the free and uninterrupted enjoyment by Iseringhausen and others of said roadway.
The judgment of the lower court was affirmed by this court in the case of Iseringhausen v. Larcade et al., 47 La. 515, 85 South. 224. In that case we said:
“There is no question as to the existence of the roadway, and of the map or plat indicating that roadway, by which plaintiff and defendants bought, which constitutes a title in plaintiff to a servitude or right of way, 50 feet in width, along the northern side of his tract, extending from thé public road on the east to the public road on the west of the Mcllhenny tract of 2,-200 arpents. The roadway was warranted in the title deed of plaintiff, and he is entitled to. the services of that roadway.” 147 La. at page 518 (1), 85 South, at page 225.
Rehearing in that case was denied June 30, 1920, and the decree was returned to the clerk of the court of St. Landry parish for registry and execution on July 3, 1920. On July 20, 1920, Iseringhausen applied to the clerk for a writ of execution of said judgment, which was placed in the hands of the sheriff on July 25, 1920, and partly executed by him on July 27. At this juncture, plaintiffs applied to the lower court for an injunction prohibiting Iseringhausen and said officer from proceeding further with the execution of said writ. This application, and a motion for a suspensive appeal from the ruling of the lower court, having been refused, plaintiffs applied to the Court of Appeal, First Circuit, for a mandamus to compel the district judge to grant the relief sought. An alternative writ of mandamus was granted *979 by the Court of Appeal, but no further steps were taken in the matter, because the papers in the case were mislaid.
On December 31, 1922, Iseringhausen applied for and obtained an alias writ of execution of said judgment, and plaintiffs applied for an injunction restraining Iseringhausen and the (Sheriff of, St. Landry parish from proceeding with' its execution, on the ground that the judgment of this court had not been recorded as directed by law previous to the issuance of its execution, and plaintiffs also set up certain alternative grounds for said writ', to be reviewed later on in this opinion. The district judge having refused to issue an injunction and to grant an order for a suspensive appeal from his ruling, the plaintiffs applied to this court for a writ of mandamus, which was granted and perpetuated, on the ground that Iseringhausen was not entitled to the execution of the judgment of this court in his favor, until after its recordation in accordance with law. In re Larcade, 150 La. 1044, 91 South. 505.
The third, or present, phase of this litigation, so far as this court is concerned, arises from the alternative grounds set forth for the issuance of the writ of injunction applied for by plaintiffs. They contend that defendant is not entitled to execute said judgment for the following reasons:
Because the police jury of St. Landry parish, acting in pursuance of the authority conferred upon it by Act 151 of the year 1910, adopted a resolution on December 6,1920, setting aside the dedication of the public road which constituted the matter of controversy between plaintiffs and defendant, said resolution providing, in the language of said act, that the land comprising the public road aforesaid shall revert to the present owners of the land contiguous thereto; and because plaintiffs have had, in their actual possession, the land embraced in the former public road. , in question for more than one year since the setting aside of said dedication by the police jury of said parish. Plaintiffs’ possessory demand for an injunction in the present suit is opposed by defendant, both by exception of no cause of action, and by plea of res judicata.
E. McIIhenny's Son, a corporation duly organized under the laws of this state, was the owner of a large tract of land in St. Landry parish, and, in order to place the same on the market, caused it to be subdivided into lots, and, in accordance with the declarations in the respective acts of sale to plaintiffs and their author in title, and to defendant, dedicated to public use, and for the benefit of the several lots sold, a roadway 50 feet wide, running through said tract of land and connecting with public roads on each side of same.
In other words, the common owner and author of the titles of plaintiffs and defendant reserved in itself the ownership of this roadway, and established upon said property in favor of the lots sold to plaintiffs and defendant a conventional servitude of right of passage or way, independently of public use, i. e., whether the general public availed itself of the use of said roadway or-not. Owners have a right to establish on their estates, or in favor of their estates, such servitudes, as they deem proper. The use and extent of servitudes thus established are regulated by the title by which they are granted. 0. 0. art. 709.
The right of passage or of way is a discontinuous servitude, and can be established only by a title. Immemorial possession itself is .not sufficient to acquire servitudes of this kind. C. O. arts. 727, 766; Torres v. Falgoust, 37 La. Ann. 497 ; Morgan v. Lombard, 26 La. Ann. 462.
The servitude of right of way is lost by non user fbr ten years, and such prescription may be, pleaded by an adjacent possessor *981 without pretense to title. C. C. art. 789; Thompson v. Meyer, 84 La. Ann. 615.
It is therefore clear that plaintiffs’ possession of this roadway for one year, after its dedication had been set aside by the police jury, did not have the legal effect of divesting the defendant of his servitude of right of way; nor did defendant lose such servitude by nonuser during this period of possession.
While plaintiffs allege the actual possession of said roadway for one year previous to their being disturbed, they have failed to set forth in their petition that they had such possession quietly and without interruption; as required by paragraph 2 of article 49 of the Code of Practice. Because of the omission of an allegation so requisite to the maintenance of a possessory action, plaintiffs’ petition necessarily fails to disclose a cause of action.
Plaintiffs, in the original suit of Iseringhausen v. Larcade et al., 147 La. 515, 85 South. 224, claimed the ownership of this roadway in- their answer and called ■ their vendors in warranty. In the present suit, plaintiffs also claim the "ownership of this roadway in their petition, by virtue of the ordinance of the police jury of St. Landry parish, setting aside the dedication of said roadway to public use and declaring that the land comprising said roadway shall revert to the present owners of the land contiguous thereto. The district judge in the original suit held “that the defendants’ (Lareade et al.) contention that this road was included in the sales to the plaintiff's and -defendant is not well founded.” The judgment of the lower, court in that case also recognized the servitude of right of way claimed by Iseringhausen and ordered plaintiffs to remove their inclosures and other obstructions preventing the free use and enjoyment of said roadway. We affirmed that judgment, which is necessarily decisive of the issue as to the right of Iseringhansen^ to the servitude claimed by him and acquired in his recorded deed from said corporation.
If the ownership of said roadway has been acquired by plaintiffs by virtue of the resolution passed by the police jury of St. Landry parish, such roadway was burdened at the time with the conventional servitp.de arising from the recorded title of Iseringhausen.'to land adjacent to said roadway, and said servitude remained intact, notwithstanding the action of the police jury, which was without authority to divest Iseringhausen of a servitude of right of way acquired by recorded title and created independently" of public use for the benefit of his estate, as such divestiture would have deprived him of his property without due process of law.
The exception of no cause of action and the plea of res judicata are therefore sustained.
The judgment appealed from is affirmed; appellants to pay the costs of appeal, and costs of .th-e lower court to be paid by plaintiffs and defendants as fixed in its judgment.