44 So.2d 360 (1950)
TATE
v.
TOWN OF VILLE PLATTE.
No. 3175.
Court of Appeal of Louisiana, First Circuit.
January 31, 1950.
*361 Paul C. Reed, Ville Platte, for appellant.
Tate & Fusilier, Ville Platte, for appellee.
JONES, Judge ad hoc.
The plaintiff brought this suit in the district court, seeking to have a certain pipe line, the property of the defendant (the Town of Ville Platte), removed from the plaintiff's premises.
The facts show that in the year 1947 the defendant town contracted with one Louis O. Campbell for the laying of a pipe line from the Town of Ville Platte to the Ville Platte Oil Field in Tate Cove. The property of the plaintiff is situated and lies between the Town of Ville Platte and the said oil field. It is alleged in the petition that the defendant is in possession of that part of the plaintiff's property which is occupied by said pipe line, and it is further alleged that this possession is without any title whatsoever to the said property. The defendant denied all material allegations of plaintiff's petition and, from the evidence in the case, it is shown that the defendant relied on a verbal contract with Campbell, the contractor, for the authority for said pipe line to be laid across the plaintiff's property. Defendant further filed an alternative plea of the prescription of one year as a bar to a possessory action. The trial in the district court resulted in a judgment in favor of the plaintiff, ordering the Town of Ville Platte to remove the gas line from plaintiff's property within ninety (90) days and assessed all costs of the proceedings against the defendant town. From this judgment the defendant has taken a suspensive appeal.
Even though it is not urged by the defense that the defendant Town of Ville Platte is a political subdivision of the State of Louisiana, possessing the power of eminent domain, this is a factor which necessarily must be taken into consideration in order to reach a proper conclusion in this cause.
While it is true the defendant town, through its agent Campbell, did not obtain written authorization for the construction of defendant's pipe line across the plaintiff's property yet the evidence reflects that the plaintiff did know of the construction of said pipe line and consented thereto. Further than this, he permitted the pipe line to remain on his property for a period of many months before making any objection and it was not until over two years after the said pipe line was constructed that he filed this suit seeking to have said pipe line removed from his property.
Article 2626 of the Louisiana Civil Code provides as follows: "2626 (2604) ExpropriationInherent right.The first law of society being that the general interest shall be preferred to that of individuals, every individual who possesses under the protection of the laws, any particular property, is tactily subjected to the obligation of yielding it to the community, wherever it becomes necessary for the general use."
Under the provisions of Section 2860 of Dart's General Statutes, Rev.St. § 1479, as amended by Act No. 176 of 1928, it is provided that the state or any political corporation or subdivision thereof must expropriate for public works. A reading of this section of the statute shows that one of the purposes for which the state, or a political sub-division thereof, must expropriate property is that of piping and marketing of natural gas for the purpose of supplying the public with natural gas.
*362 In construing the above-cited article of the Civil Code and Section 2860 of Dart's General Statutes, the Supreme Court of this State, in the case of Gumbel v. New Orleans Terminal Company, 186 La. 882, 173 So. 518, held that a railroad, as a public utility, possessing the power of eminent domain, acquired a servitude for railroad purposes across plaintiff's land by actually constructing tracks across the property and using the tracks for many years in its operations as a public utility, to the knowledge and with the consent and acquiescence of the owner of the property. This was the holding, irrespective of the fact that there was no written authorization for the railroad right-of-way across the property. At page 520 of the opinion in 186 La., at page 520 of 173 So., the Supreme Court said: "In these circumstances, we find ample warrant for applying in defendant's favor the well-recognized doctrine of acquisition of a servitude by unopposed use for a public purpose."
And further, 186 La. on page 520, 173 So. on page 520, the court used the following language from the case of St. Julian v. Morgan's Louisiana & T. R. Co., 35 La.Ann. 924, at page 925: "Having thus permitted the use and occupancy of his land and the construction of a quasi public work thereon without resistance or even complaint, he cannot afterwards require its demolition, nor prevent its use, nor treat the Company erecting it as his tenant. He is not debarred from an action for damages by reason of the taking of the land and for its value, but having acquiesced in the entry and encouraged if he did not invite it, he cannot afterwards affect to treat it as tortious. Considerations of public policy, not less than the suggestions of natural justice, require that in such case the owner shall not be permitted to reclaim his property free from the servitude he has permitted to be imposed upon it, but shall be restricted to his right of compensation."
Further, on page 520 of said opinion, in 186 La. on page 520 of 173 So., the Supreme Court said: "And the application of the doctrine is not dependent upon the lapse of any specific prescriptive period and even a brief period of occupancy and use of the property by a public utility, with the knowledge, consent, or acquiescence of the landowner, will suffice to effectuate the doctrine in favor of the utility."
And further, quoting from the case of St. Julian v. Morgan's Louisiana & T. R. R. & S. S. Co., supra, the following language was used: "Slight acts of acquiescence on the part of the owner will estop him from interfering with the running of a railroad. He will not be deprived of his claim for damages, or his right to enforce it in all proper modes, but if he has, in any sense, for the shortest period, clearly given the corporation, either by his express consent or by his silence, to understand that he did not intend to object to their proceeding with the construction and operation, he cannot, on nonpayment of compensation, maintain ejectment."
The holding of the Supreme Court in the Gumbel case, 173 So. 518, was reaffirmed by the Supreme Court in the case of Gumbel v. New Orleans Terminal Company, 190 La. 904, 183 So. 212, and at page 213 of the opinion said: "* * * when the corporation has the right of eminent domain, the land owner waives his right to insist that the creation and exercise of the servitude be preceded by an expropriation proceeding and estops himself from asserting that right and restricts himself to a claim for damages or compensation when he fails to object to the actual exercise of a servitude for a purpose of public utility on and across his property. * * *"
Thus, since the Town of Ville Platte was using the said pipe line for the distribution of natural gas, it unquestionably had the right to exercise the power of eminent domain for the reason that it was engaged in a governmental function for the public use. Therefore, even though the defendant did not acquire the servitude by written authorization it did acquire it by unopposed use for a public purpose for the reason that the evidence not only shows that the plaintiff acquiesced in the pipe line remaining on his property many months without making objection thereto *363 but he also gave verbal permission for it to be constructed. Under the circumstances, his only recourse is an action in damages for compensation.
The district judge held that this servitude, being connected with land, was an incorporeal right and, consequently, in order for the town to have had a servitude on the property it was necessary that said town show that it was in writing. This is ordinarily true, but where the one who claims the servitude has the power of eminent domain, and has actually used the property with the acquiescence of the owner, then the rule that the agreement evidencing the servitude must be in writing does not apply. We feel certain that had the defense been urged in the trial court that this defendant had the right to expropriate the property and had used it for many months without objection by the owner, then, the holding of the trial court would have been the same as the views herein expressed.
Accordingly, for the above and foregoing reasons, the judgment of the trial court will be reversed and there will be judgment rejecting the plaintiff's demand; the plaintiff to pay all costs.
DORE, J., not participating.