**57 So.2d 43**

**COLLIER v. MARKS.**

No. 40058.

Jan. 14, 1952.

Dhu & Lea S. Thompson, Monroe and Samuel J. Tennant, Jr., New Orleans, for plaintiff-appellant.

Philip Watson, St. Joseph, and Sholars, Gunby & Guthrie, Monroe, for defendant-appellee.

HAWTHORNE, Justice.

Plaintiff, C. C. Collier, has appealed to this court from a judgment of the Sixth Judicial District Court, Parish of Tensas, sustaining an exception of no right of action and pleas of peremption, in bar, and of res adjudicata filed by the defendant, Henry M. Marks, and dismissing plaintiff's suit.[1]

Plaintiff instituted this suit pursuant to a judgment of the Sixth Judicial District Court, Parish of Tensas, dated June 10, 1948, rendered in a jactitation or slander of title suit bearing No. 8930 on the docket of that court, in which Henry M. Marks, the defendant herein, was plaintiff and Charles C. Collier, plaintiff here, and others were defendants. The judgment in that suit ordered the defendants therein to disclaim title to certain lands described in the judgment or to assert such title or right as they might have to the lands by petitory action against Henry M. Marks *within a delay of 60 days from the date of the judgment* (June 10, 1948), and ordered that, in the event of their failure so to do, they should be forever barred from claiming or asserting title to the lands. From this judgment defendants applied for, and were granted, a suspensive appeal to this court. On June 30, 1949, this court affirmed the judgment appealed from, and an application for rehearing, timely filed, was denied on November 7, 1949. See Marks v. Collier et al., 216 La. 1, 43 So.2d 16. The clerk of this court mailed to the clerk of the Sixth Judicial District Court for Tensas Parish a certified copy of the opinion and decree of this court, and the clerk of that court endorsed such judgment as filed on December 2, 1949. The transcript of the case now before us does not disclose that this judgment was ever recorded in the records of the inferior court.

On January 7, 1950, the petition in the instant case was filed by plaintiff-appellant, C. C. Collier, who asserted title to, and claimed ownership of, the property de-

---

1. Because of the death of the defendant Marks, his executrix has been substituted as party in this court.

scribed in the above judgment. Citation and service of this suit was made on the defendant, a nonresident of the State of Louisiana, by the sheriff of Adams County, Mississippi. Defendant filed an exception to such extra-territorial service and citation, which was sustained. Plaintiff then by amended petition had an attorney appointed to represent the nonresident defendant, upon whom service and citation was made on March 10, 1950.

It is to be observed from these facts that plaintiff's petition in this case was not filed, and the defendant was not legally cited and served with the petition, within 60 days from the date of the judgment of the lower court or from the date the rehearing was denied by this court in the suit of Marks v. Collier et al., supra.

In dismissing the instant suit, the lower court held that the 60-day period began to run from November 7, 1949, the date the rehearing was denied, and in so holding the court was correct.

Appellant in his first assignment of error set out in brief filed in this court contends that the delay fixed as "60 days from the date of this judgment" expired long before the case was heard in the Supreme Court, and as a result there was no judgment by the district court fixing the time in which the petitory action was to be filed, and that this court in affirming the judgment appealed from failed and neglected to fix any delay within which a petitory action was to be filed by plaintiff herein, and that consequently there is no judgment fixing the delay for the filing of the suit, and, this being so, appellant should not now be deprived of his right to assert title to the lands.

As heretofore set out, the judgment pursuant to which this suit was brought provided that the defendants in that suit should disclaim title to the lands or assert such title or rights as they might have to the lands by petitory action against plaintiff within 60 days from the date of the judgment (June 10, 1948). In the absence of a suspensive appeal the 60-day period set in the judgment would have expired 60 days from the date of the judgment, but by taking a suspensive appeal appellants suspended the effect of the district court's judgment until such time as a judgment of this court on appeal might become final. The statement "60 days from the date of this judgment" under the law could mean only "60 days from the date this judgment becomes final". Under this interpretation plaintiff Collier had to assert his rights within 60 days from the date of the judgment in the event no suspensive appeal was taken or, if such an appeal was taken, within 60 days from the time the judgment became final in this court.

Since a suspensive appeal was taken, there is no merit in the argument that the 60-day period began to run from the date of the judgment. By such a holding the appellant would have lost his right to institute his action while the suspensive appeal was

pending because the appeal was not acted upon within 60 days.

■■ Appellant is in error in his conclusion that, when the decree of this court became final, there was no judgment of the lower court fixing the delay for the filing of his petitory action. If his argument were correct, the taking of a suspensive appeal in the instant case would have had the effect of voiding entirely that portion of the judgment of the district court setting the 60-day period for bringing the petitory action. His suspensive appeal certainly could not have this effect; it simply stayed in its entirety the judgment rendered by the lower court, including that portion setting the 60-day period, until the matter could be finally disposed of by this court. Moreover, we do not think there was any duty on this court in affirming the judgment to fix a time within which the petitory action was to be filed, because that portion of the judgment of the district court fixing the 60-day period simply remained in abeyance until final action by this court, at which time it became fully effective.

Appellant in his next assignment of error contends that, since the judgment and decree of this court in the slander of title suit, with the notation of the refusal of the rehearing, was never recorded in the records of the Sixth Judicial District Court for Tensas Parish, the district court erred in holding that the time for filing the petitory action commenced to run, or the judgment in the slander of title suit be-

came executory, before the return of the judgment and decree of the Supreme Court and its recordation in the records of the Sixth Judicial District Court for Tensas Parish.

He argues in brief that, until the judgment of this court rendered in the slander of title suit "was returned and made of record in the lower court there was no decree fixing the date on which the plaintiff in the slander of title suit could require action, nor was there any judgment fixing a date binding on the appellant herein", and, further, that, even if this court should decide that the 60-day period ran from the refusal of the rehearing by this court in that suit, "then, until the decree showing the refusal and the date thereof by the Supreme Court had been filed and made of record in the District Court, there could be no decree nor [or] delay fixed".

In support of this assignment of error appellant cites Code of Practice, Articles 617 et seq., and the cases of Thomas v. Goodwin et al., 120 La. 504, 45 So. 406; State ex rel. Parish Board School Directors v. City of Monroe et al., 133 La. 1045, 63 So. 513, and Larcade et al. v. Iseringhausen et al., 150 La. 1044, 91 So. 505.

The articles of the Code of Practice cited by appellant, which deal with the proceedings for the execution of judgments, provide that the execution of judgments belongs to the court by which the causes have been tried in the first instance; that an appellate court must send its judgment and

decree, whether the judgment of the lower court is affirmed, reversed, etc., to such inferior court in order that it may be executed; that such judgment cannot be executed until it has been recorded in the records of the inferior court which first had cognizance of the cause, and that execution of such judgment may be prayed for as soon as the judgment has been recorded in the inferior court to which execution is remanded.

Appellant cites the cases, supra, for the rule of law that "The judgment of an appellate court cannot be executed until recorded in the records of the trial court, and if an attempt is made to execute it prior to such recordation, an injunction should issue as a general rule to arrest its execution".

The cited articles and the rule of law relied upon by appellant have no application to the facts of the instant case and are not controlling, for the reason that the judgment in the slander of title suit fixed a period of 60 days for defendants to assert such title or rights as they might have to the lands by petitory action against the plaintiff therein, and with respect to that period of time there was no judgment to be executed or to be put into execution. Nothing whatsoever was required to be done. This part of the judgment was self-operative, and no process of law, writ, or further order was required to commence the delay for the institution of the petitory action. In other words, plaintiff in the slander of title suit is not here attempting to execute the judgment insofar as it provided a period of 60 days for the institution of the petitory action. The trial judge so held, and his holding was correct.

Appellee cites and relies on the cases of Curtis v. Curtis, 4 La. 324; State ex rel. Pugh v. Judge of Twentieth Judicial District Court, 33 La.Ann. 1381, and Alfano v. Franek, 159 La. 498, 105 So. 598, which we think are decisive.

In Curtis v. Curtis, supra, this court said: "* * * The enregistry [of the judgment] in the inferior tribunal is only necessary to obtain execution; but the decree derives no additional force from that formality, no more than placing an execution in the hands of the sheriff, would add to the effect of a judgment of the District Court. The obligations of the parties commenced from the moment the judgment becomes final; and any act done by them inconsistent with it, is contrary to these obligations, and can confer no right on them."

In State ex rel. Pugh v. Judge, supra, we find the following: "The articles of the Code of Practice, 617 et seq., which declare that appellate courts must send their judgments to the inferior courts to be executed, and that such judgments cannot be executed unless recorded in the court which first had cognizance of the cause, refer, *vi terminis*, to judgments which order something to be done, which requires execution, for the enforcement of which writs in the name of the State have to be issued, and not to judg-

ments which, as in the instant case, are self-operative and admit of no carrying out by process of law."

 In the instant case, insofar as the 60-day period was concerned, this period began to run from the date the slander of title judgment became final, that is, on the day the rehearing was denied, since there was nothing to be done—that is, no writ or other order by the district court was necessary for the 60-day period to commence.

In his assignment of errors appellant also contends that the lower court erred in dismissing his suit because an extension of the 60-day period of time should have been granted to him for certain equitable reasons urged in the court below.

 The lower court in the judgment dismissing plaintiff's suit concluded that the 60-day period was a period of peremption and not of prescription, citing in support thereof the cases of Ashbey v. Ashbey et al., 41 La.Ann. 102, 5 So. 539; Guillory et al. v. Avoyelles Railway Co. et al., 104 La. 11, 28 So. 899; Siegel v. Helis et al., 186 La. 506, 172 So. 768, and Canada et al. v. Frost Lumber Industries, Inc., La.App., 9 So.2d 338. In Canada et al. v. Frost Lumber Industries, Inc., supra, the Court of Appeal, Second Circuit, held squarely that the period fixed by a court in which the defendant must file a suit in revendication is a period of peremption and not one of prescription. Appellant has advanced no satisfactory reason to show that that court was

in error in so holding, and under this ruling the lower court was correct in refusing to extend the period of time.

Appellant's brief also sets forth other assignments of error, but these are merely reiterations of those which we have already discussed and answered hereinabove.

For the reasons assigned, the judgment appealed from is affirmed at appellant's costs.