McINNIS, Judge.
This is a petitory action in which plaintiff alleges in its original petition that it is the true and lawful owner in fee simple of the following described property: That certain plot or parcel of land lying and being in a triangular shape south of the Pershing Highway and north of and adjoining lots one (1) and six (6) of Block “B” of the Jones Addition to the Town of Jonesboro, Louisiana, and being a small strip of land lying between said highway as now located and paved and lots one (1) and six (6) of Block “B” of the Jones Addition of the Town of Jonesboro, Louisiana, and lying in the NE% of the NWj4 of Section 31, Township IS North, Range 3 West.
It is alleged that the part of the property lying north of lot 1 is corporeally possessed by one Allen Ross McDonald, without any right, title, claim or interest, and that he has failed and refused to give possession of same to plaintiff or its predecessors in title, despite repeated demands therefor. Plaintiff then sets out the chain of title by which it claims ownership.
Alternatively it is alleged that plaintiff and its authors in title are now and have always owned in fee simple’that property adjoining the south side of what is commonly known as the Pershing Highway and north of lots 1 and 6, Block “B” of the Jones Addition to the Town of Jonesboro, and therefore if the court should find that any part of the property was ever subject to a servitude of passage, that when such'servitude was abandoned, plaintiff and its authors in title once again owned the property in fee simple by means of accretion. In the further alternative, that it and its authors in title have always'been the owners of the property south of the highway and north of lots 1 and 6, Block “B”, no matter where the highway lay north of said lots, and if it be found that the State or any subdivision thereof ever acquired the fee ownership of any part of the property in contest, plaintiff is the owner now because of reversion.
It is alleged that defendant is a possessor in bad faith, and damages of $2,007 is asked.
Defendant filed an exception of non-joinder of parties alleging that a part of the property south of the paved highway is being maintained and used by the Department of Highways of the State of Louisiana, and that the Town of Jonesboro is maintaining and using a part of the property over which a concrete sidewalk has been constructed and is being used by the public, and that the other heirs of W. C. McDonald, the widow and children are also occupying a part of the property and should be made parties, and on trial of the exception the court ordered that they be made parties, which was done by amended petition.
The Department of Highways answered, denying the allegations of the petition.
The Town of Jonesboro excepted to the petition as disclosing no cause and no right of action, for the reason that all the property is public property, in possession of and belonging, to the Town, having been orally and formally dedicated to the Town, and reserving its rights under the exception, answered the petition, denying all the substantial allegations, and alleging that at the time the Town of Jonesboro was incorporated the street adjoining the north end of lots 1 and 6, Block “B” was already being used and maintained and was recognized when the Jones Addition, was laid out, having been maintained by the Police Jury at least three years before .that time, and was maintained by the Police Jury and the Town of Jonesboro until about 1924 and was recognized by Reuben and Julia McDonald, and remained so acknowledged and located until the State paved the road, at which time the road was moved to the north, leaving a space immediately south of the paved highway upon which the Town of Jonesboro laid a.sidewalk, partly on lot 1, and partly north of lot 1 and north of lot 6, Block “B”; that *93 Julia F. McDonald caused to be made and recorded in conveyance records of Jackson Parish, Volume 34, Page 576 a plat of all the property owned by her husband in •which plat the road was located against the north line of lot 1 and within a few feet of the north line of lot 6, and was designated as a road; that streets and alleys were designated, and lots sold, and the streets and alleys were accepted by the Town of Jones-boro, and maintained by it. (This plat was made in 1923.)
Further alleges that at the time the sidewalk was laid, the Town made an oral agreement with W. C. McDonald, Sr., that his fence would be moved to be parallel with the walk, and granting him all the property south of the sidewalk and north of lots 1 and 6, for the use of that part of lot 1 occupied by the walk.
In the alternative, if it be found that any part of the property has reverted, that it reverted to the owners of lots 1 and 6 of Block “B”, being adjacent thereto. Further in the alternative, if it be found there was no dedication to the Town, and did not become its property in fee, then in that event, all of the property up to and including two feet south of the walk has been and is still being used and maintained as a part of the street; that if plaintiff is recognized as owner, its rights should be subservient to use and occupancy by the Town and the Public, of the street and walk.
As plaintiff in reconvention, the answer alleges that plaintiff is interfering with the use of the sidewalk by parking cars on it, and there should be judgment ordering the removal of cars and other obstructions.
The exceptions and answer of the Mc-Donalds, defendants, is along the same line as that of the Town of Jonesboro, and finally, they claim that they have been in actual, open, uninterrupted possession of the property for 31 years, and have been recognized as owners, and plead prescription of 10, 20 and 30 years.
After trial on the merits, judgment was rendered and signed,' rejecting plaintiffs demand, and it is prosecuting suspensive and devolutive appeals here.
In this Court defendants-appellees, Mc-Donalds, have filed a plea of prescription of 5, 10 and 30 years, alleging possession for more than 30 years.
From our study of the rather voluminous record, we believe the facts, little in dispute, may be much more briefly stated than the length of the record would indicate, and we find the following facts:
It is not disputed that plaintiff has a recorded title to the property in. dispute, running back to the United States. On September 28, 1900, W. S. Jones sold SE}4 of Section 30 and NE14 of NW)4 Section 31, Township 15 North, Range 3 West, to M. E. Jones. Soon after this acquisition, the exact date not being shown, the Jones addition embracing a part of NE14 of NW %, Section 31 was laid out, and on August 11,1902 M. E. Jones sold Reuben McDonald 14 acres of land in SE% of SW1^ Section 30 and NE^4 of NW% Section 31, Township 15 North, Range 3 West. Most of the land was in NE% of NW% Section 31. The southern‘boundary of the 14-acre tract was the north line of the Jones Addition. In 1923 the McDonald Addition was platted, from the 14-acre tract. Prior to the purchase by Reuben McDonald there was an unimproved road between Jonesboro and Hodge running through NE% of NW% Section 31, the southern limits of the road being practically on the north boundary of the Jones Addition, so that the entire road was located on the Reuben McDonald land. The date when this road was located is uncertain, but it was probably in the early 1900’s or earlier. No formal grant of a right-of-way was made, so its use by the public was by sufferance.
On December 5, 1901 W. S. Jones conveyed to W. C. McDonald lots 1, 2 and 3, Block “B” of the Jones Addition. About 1922 the State improved the old road by grading and graveling it, and some witnesses say its location was moved north at the northeast corner of lot 1, as it encroached on the corner of this lot, but generally *94 its southern boundary was the northern boundary of lots 1 and 6. In 1932 the State paved the road, but moved its location to the north, however it obtained no written right-of-way. This left the triangular tract that is in dispute here, lying between the south boundary of the highway and the north boundary of lots 1 and 6.
When the McDonald addition was surveyed and laid out it showed one 80-foot street, one 60-foot street and two 20-foot alleys, but no names were given the streets. Three lots in Blocks 2 and 3 and all of Block 1,. adjoining the road (which at that time was a gravel road), were not numbered, and were sold by metes and bounds descriptions. Other lots in the addition were sold by numbers.
May 17, 1902 W. C. McDonald acquired from W. S. Jones, by deed recorded in conveyance records of Jackson Parish, Volume “H”, Page 163, lots 1, 2 and 3, Block “B”, Jones Addition. These defendants claim ownership of the tract in dispute. They claim the part of the tract north of lot 1 by abandonment of the highway, and claim the part north of lots 1 and 6 by reason of what they .claim is an oral agreement with the Town of Jonesboro, made when the sidewalk was laid on the south side of the paved highway, about 1933. They also claim it under the pleas of prescription made in the district court and in this court.
The pleas of prescription can be easily disposed of. We know of no prescription of 5, 10 or 20 years by which real property can be acquired by possession, without the written title, and these defendants have no such title. They could not possibly have had such possession as will give them the ownership without written title, because the property in contest was not abandoned until the road was paved in 1932, less than 30 years ago. The pleas of prescription are overruled.
The issues for determination are, by the facts as described by the record:
1.Has there been a statutory dedication of the tract of land in dispute to the public?
2. If there was no statutory dedication of the property to the public, does a tacit dedication divest the dedicator of the fee title to the property, or does it vest the public with a servitude?
3. What effect does the abandonment of use by the public have on a tract tacitly dedicated for public use, as to the right of possession?
It cannot be successfully urged that there was any statutory dedication of the servitude prior to the time the McDonald Addition was laid out, and the plat recorded. The plat in evidence discloses that the two streets and one of the 20-foot alleys shown on the plat do not intersect what is shown on the plat as “model road”, but stop a short distance north of the road. The road is shown only by dotted lines. It had been in use by the public for many years before the addition was laid out.
At the time the addition was laid out and the plat recorded, Act 134 of 1896, now LSA-R.S. 33:5051, was in effect. This Act provides that when lots are laid out certain formalities are to be complied with, including a formal dedication by the owner of all the streets, alleys and public squares. The plat in evidence does not show such dedication, however lots were sold according to the plat, and this informality was probably cured by these sales, as to the streets shown on the plat. Defendants contend that these sales had the same effect as to the model road shown by dotted lines on the plat. We believe that there has not been shown any intention on the part of the owner to dedicate this road. The road was across the property and was being used by the public at the time McDonald acquired it. The dedication to public use was tacit only, by McDonald’s authors in title.
We are of the opinion that the dedication of this road was tacit instead of formal. Therefore we are of the opinion that plaintiff and its authors in title always owned the fee title to the land, subject to the right of servitude in the public, to use it as a road. Arkansas-Louisiana Gas Co. v. Parker Oil Co., 190 La. 957, 183 So. *95 229; Goree v. Midstates Oil Corporation, 205 La. 988, 18 So.2d 591 and authorities cited.
We have examined the authorities relied on by defendants. Arkansas-Louisiana Gas Co. v. Parker Oil Co., supra, dealt with a statutory dedication, and held on rehearing that when the dedication was set aside by the Police Jury, ownership of the street reverted to the owners of adjoining lots. In Iseringhausen v. Larcade, 147 La. 515, 85 So. 224, the plat had been recorded showing the road, and the lot sold to plaintiff described its northern boundary as the road. Tate v. Town of Ville Platte, La.App., 44 So.2d 360, involved a right-of-way for a gas pipe line which was constructed across plaintiff’s land. The record disclosed that plaintiff had given oral permission to the contractor to construct the line across his land, and it was held that this amounted to a tacit dedication, and that plaintiff was relegated to an action for damages. The cases of Ford v. City of Shreveport, 204 La. 618, 16 So.2d 127, and City of Shreveport v. Selber, La.App., 21 So.2d 738, involved parts of the same street, Southern Avenue, from St. Vincent Avenue to 59th Street. Plaintiff in the Ford case, and Selber, defendant in his case, were trying to avoid payment for paving the street. The facts of the cases are set forth in the written reasons of the district court, in the Selber case and are incorporated in the opinion of this court. See 21 So.2d at page 740.
The facts in these cases do not appear to be similar to the facts in the case under consideration here, and the same may be said for Martin v. Fuller, 214 La. 404, 37 So.2d 851, which involved an alley in the City of Monroe. The dedication there was formal, and the issues entirely different from our case.
Sliman v. Mayor and Board of Aldermen of Village of Palmetto, La.App., 145 So. 410 presents an entirely different state of facts, and has no application here.
Counsel for the Town of Jonesboro and for the McDonalds contends that if the dedication was only tacit, that the dedication not having been revoked by ordinance of the Town, it still has the right to make an oral agreement with the McDonalds to allow them the use of the property in return for the use of a small part of lot 1 on which to lay a sidewalk. It is further contended that if the dedication was tacit, the property when abandoned, reverted to the adjoining owners of lots 1 and 6 of the Jones Addition.
We conclude that the only dedication to public use of the property was tacit, and that only a right of passage vested in the public, the fee ownership remaining in the original owners, their heirs and assigns, and that when the use of the property was abandoned by the public, the fee title reverted to the owner.
We do not believe that it has been shown that Mrs. McDonald intended to give away her property. The only deed she executed in which the highway was used as a boundary is the one to Cummins, when she sold him the land in dispute.
For these reasons the judgment appealed from is annulled and set aside, and it is now ordered, adjudged and decreed that plaintiff have judgment against the defendants-appéllees, the Department of Highways of the State of Louisiana, the Town of Jonesboro, Allen Ross McDonald, W. S. McDonald, James L. McDonald, Mrs. W. C. McDonald, Sr., W. C. McDonald, Jr., Harold B. McDonald, Mary Lee Elliott and Guy M. McDonald, decreeing plaintiff to be the owner and entitled to possession of the following described property, to wit: A certain parcel of land triangular in shape lying north of and adjoining lots 1 and 6, Block “B”, of the Jones Addition of the Town of Jonesboro, Louisiana, located in NE% of NWj4 Section 31, Township 15 North, Range 3 West.
This judgment not to affect any part of the said Pershing Highway, nor any property now used by the Town of Jonesboro and the public for a sidewalk, including two feet south of the sidewalk.
Defendants-appellees, the McDonalds are taxed with all costs of this proceeding. *96 Defendants, Department of Highways of the State of Louisiana and the Town of Jonesboro are taxed with such costs as they may be legally required to pay.