Dear Mr. Hampton:
You have asked for an opinion from this office regarding the effect of a revocation of a parish road under the provisions of LA. R.S. 48:701, et seq, on any servitudes granted to public utilities by the parish during the period of time prior to the revocation.
I must assume, for purposes of this opinion, that the revocation itself was validly performed by the parish government and that the road in question was no longer needed for public purposes or was abandoned, in accordance with R.S. 48:701. Additionally, it must be assumed that the servitudes at issue were validly granted, the act of the parish government was sufficient to transfer a real right, and they are a matter of public record.
The principle that governmental entities may burden public property with predial servitudes is enumerated in Article 723 of the Civil Code.
 Predial servitudes may be established on public things, including property of the state, its agencies and political subdivisions
See, also, Louisiana Civil Law Treatise, Predial Servitudes (1983), Yiannopoulos, § 8.
The general rule of law is to the effect that a valid recorded servitude can be asserted against a person acquiring the servient estate. If there is no recorded servitude, the property would transfer free of any non-apparent conventional servitude. There is an exception to this rule under certain circumstances, however, in the case of unrecorded public utility servitudes. This opinion assumes that the servitudes at issue have been recorded, but in the event they have not, I refer you to the following cases for review. Should you require an opinion regarding same, please notify the undersigned. See, Webster Sand, Gravel andConstruction Co. v. Vicksburg Shreveport PacificRailroad Co., 57 So. 529 (1912); Goins v.Beauregard Electric Cooperatives, 44 So.2d 715 (La.App. 1st Cir. 1950).
In summary, the recorded servitude of the utility is a real property right which is protected by the public records and general legal principles of due process. Larcade v.Iseringhausen, 96 So. 830 (1923). Therefore, the property owners who took to the middle of the abandoned road would take the property subject to the rights of the servitude holder, the dominant estate, and the terms and conditions of the actual instrument creating the servitude.
We hope this meets you inquiry, however should you have any additional comments of questions, please contact the undersigned at your convenience.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ ROBERT B. BARBOR Assistant Attorney General
RPI/RBB:gbe
Mr. Bruce E. Hampton Assistant District Attorney P.O. Box 777 Ruston, La 71273-0777
Date Received: Date Released:
Robert B. Barbor Assistant Attorney General